IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED
MAY 29 2003
Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| EILEEN KEAN AND KATHLEEN KEAN INDIVIDUALLY AND AS NEXT FRIEND OF JOHN MCDONALD AND RICKY KOIS PLAINTIFFS | § § § § § | |
| VS. | § § | CIVIL ACTION NO. B-03-099 JURY |
| COOPER TIRE AND RUBBER CO. DEFENDANTS | § § § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COMES Eileen Kean and Kathleen Kean, Individually and As Next Friend of Ricky Kois and John McDonald, complaining of Defendant Cooper Tire and Rubber Co., and for cause of action would show as follows:

### I. PARTIES

1.      Plaintiff Eileen Kean is a resident of Hanover, PA.

2.      Plaintiffs Kathleen Kean, Ricky Kois, and John McDonald are residents of Kendall County, Texas.

3.      Defendant Cooper and Rubber Co., (hereinafter Cooper) is a foreign corporation organized and existing under the laws of the State of Delaware, and is authorized to do business in the State of Texas pursuant to Article 8.01 of the Texas Business Corporation Act. Defendant Cooper may be served with summons and complaint by serving its Registered Agent for Service of Process, CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.

## II. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C., §1332, based upon diversity of citizenship and an amount in controversy exceeding seventy-five thousand dollars ($75,000.00). This Court may exercise personal jurisdiction over the Defendant because the Defendant has registered with the Secretary of the State of Texas for the sole purpose of conducting its business activities within the State of Texas. Defendant conducts its business activities by selling its tires throughout the State of Texas through various retail outlets. Defendant Cooper does business in Cameron County, Texas, selling its products through various Sears & Roebuck retail stores as well as Western Auto chain of retail stores.

5. Venue is proper in this Court pursuant to 28 U.S.C., §1391(a) and (c). Because Defendant Cooper does business in and is subject to personal jurisdiction within this Court's district and divisional boundaries, it is deemed to reside in this district and within this division and is subject to this Court's jurisdiction and venue.

## III. FACTUAL ALLEGATIONS

6. On or about June 21, 2002 Plaintiffs were traveling south on Interstate Hwy 37 in a 1991 Chevrolet Astro Passenger Van. The van was equipped with two tires manufactured by Defendant Cooper Tire and Rubber Co. at its Albany, GA plant and mounted on the rear axle. In the course of traveling down the highway, the right rear tire suddenly and without warning suffered a complete tread and belt separation. The sudden failure of the tire caused the van to go out of control eventually leaving the highway and rolling over and causing the Plaintiffs to sustain serious injuries. The injuries sustained by the Plaintiffs were directly and proximately caused by the defective tire designed, manufactured, sold and placed in the stream of commerce by Cooper Tire and Rubber Co.

## IV. STRICT PRODUCTS LIABILITY

7.   The tire which failed and is the subject of this suit is more specifically identified as a Sentry AP Sports RV tire, size P215/75R15 bearing Department of Transportation Number DOT 3DHF UCN 179. The tire was manufactured in the 17th week of 1999 by Defendant Cooper Tire and Rubber Co. in its Albany, GA production facility. Defendant Cooper designed, manufactured, assembled, tested, and marketed the subject tire in such a manner that renders the subject tire defective. The tire was not modified or altered in any way by any person including Plaintiffs from the time it left Defendant Cooper's possession until the time of the incident which forms the basis of this suit. At the time that the tire was designed, manufactured, tested, marketed and sold, there were safer alternative designs which were technologically and economically feasible and which would have prevented or significantly reduced the risk of the tire's failure and which would not have substantially impaired its utility. The Defendant was aware of the safer designs and that such designs would substantially reduce the risk of harm from tread or belt separations and the loss of vehicle control that foreseeably results from tread or belt separation. Despite its knowledge of safer alternatives at the time of the design and manufacture of the tire, Defendants failed to incorporate them into the production of the tire which forms the basis of this suit.

8.   In addition to the design defects, the subject tire was manufactured in such way to be defective. The lack of quality control, the failure to strictly adherence to proper environmental conditions, and the use of old and outdated materials contributed to the defective nature of the tire. Such defects were the producing cause of the Plaintiffs injuries in this case. The tire defects could not be detected by the Plaintiffs in the exercise of reasonable diligence and ordinary care, and were not common knowledge.

## V. BREACH OF WARRANTY

9.      In designing, manufacturing, marketing and selling a tire which was dangerously defective and unfit for the ordinary purposes for which it was intended, Cooper has breached the implied warranty of merchantability and the implied warranty of fitness for a particular purpose as defined in §2.314 and §2.315 of the Texas Business and Commerce Code. Plaintiffs are in the class of consumers that Defendant Cooper could reasonably expect to come into contact with and be subject to the use of the products it placed in the stream of commerce. At the time of its catastrophic failure, the subject tire manufactured by Defendant Cooper was being utilized in the manner and under the conditions of its intended use. Failure of the subject tire is a breach of the above mentioned warranties and Plaintiffs are entitled to recover all of their actual damages, including incidental and consequential damages which were proximately caused by the breach of those warranties.

## VI. DECEPTIVE TRADE PRACTICES ACT

10.     Plaintiffs bring this cause of action against the Defendant pursuant to the Texas Deceptive Trade Practices Act. At all material times, Plaintiffs occupied the status of consumers to the extent that they were within the class of persons who might reasonably be expected to use the vehicle and tire in the manner previously described and to rely upon its safe design. This action is brought against all the Defendants under the terms of the Deceptive Trade Practices Act for the Defendant's breach of the implied warranties of fitness and merchantability. The Defendant's breach of these warranties was a direct and proximate cause of the economic and mental anguish damages sustained by the Plaintiffs. Pursuant to the terms of the act, Plaintiffs seek recovery of all their economic damages as may be found by the trier of fact. Because Cooper acted knowingly in placing a tire in the stream of commerce which it knew to be based upon a defective design, Plaintiffs also are entitled to mental anguish damages as well as additional damages as to be determined by the trier

of fact. Plaintiffs also seek attorney's fees, costs and pre-judgment interest.

## VI. PUNITIVE DAMAGES

11.     At all times relevant to this suit Defendant Cooper had actual knowledge that the design incorporated into its tire was defective and subject to failure. Defendant Cooper had been made aware of the defective nature of this tire through numerous other claims made against it with respect to this and other tire lines incorporating the same skim stock and/or basic green and cured tire design. Despite its knowledge of defective nature of this tire, Cooper failed to change the design in a reasonable time and continued to place its defective tires in the stream of commerce and market the subject tire to the unsuspecting public. Considering the probability and magnitude of the potential harm to others, Cooper's conduct involved an extreme degree of risk of which it had actual and subjective awareness, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others. Plaintiffs are entitled to an award of exemplary damages against Defendant Cooper as may be fairly determined by a jury.

## VII. DAMAGES

12.     Plaintiff Eileen Kean and Kathleen Kean sustained serious bodily injuries as a result of the defective nature of the subject tire. Plaintiffs seek to recover for damages as measured by all reasonable and necessary medical costs incurred for both past care and that care that will in reasonable probability be necessary in the future. Plaintiffs also seek compensation for the pain and suffering in the past and that which they will in all likelihood experience in the future. Because of their injuries, they have been limited in the types of activities which they can undertake and seek damages for their impairment in the past and for their impairment which will in all reasonable probability exist in the future.

13.     Plaintiffs John McDonald and Ricky Kois are minors under the care of Plaintiff Kathleen

Kean. As legal wards of Kathleen Kean, John and Ricky look to her for love, solace, companionship, and guidance which one would be expected to receive from a natural parent. Because of the injuries to Kathleen Kean, this relationship has degraded. Plaintiffs John McDonald and Ricky Kois seek damages arising from the loss of this relationship. In addition, during the accident minors John and Ricky experienced severe emotional trauma and mental anguish as a result of the violent rollover precipitated by the tire's failure. Plaintiffs Kois and McDonald seek damages for their mental anguish suffered in the past and that which in all reasonable probability be suffered in the future.

### VIII. JURY DEMAND

14.     Plaintiffs hereby demand a trial by jury on all the issues contained herein or that may arise in the prosecution of this case.

15.     WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendant be served with summons and complaint as required by law, and that upon final hearing Plaintiffs have judgment of and from the Defendant for all of their damages as previously specified, in an amount in excess of seventy-five thousand dollars ($75,000.00), together with prejudgment interest at the maximum legal rate, post-judgment interest at the maximum legal rate, costs of court, attorney's fees, and any and all further relief to which Plaintiffs may be justly entitled at law or in equity.

Respectfully submitted,

**WATKINS, CICHOWSKI & GONZALEZ, P.C.**
One Riverwalk Place, Suite 1750
700 N. St. Mary's Street
San Antonio, Texas 78205
Telephone: 210/225-6666
Facsimile: 210/225-2300

By: _____
STEVE CICHOWSKI, P.E.
FBN: 20750

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

This is to certify that upon issuance of this summons by the Clerk of the Court that a true and correct copy of the summons and complaint shall be sent by Certified Mail, Return Receipt Requested to the Defendant by serving its Registered Agent for Service of Process as follows:

CT Corporation System
350 N. St. Paul Street
Dallas, Texas 75201

_____
STEVE CICHOWSKI