IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 6 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| EILEEN KEAN AND KATHLEEN KEAN § | |
| INDIVIDUALLY AND AS NEXT FRIEND § | |
| OF JOHN MCDONALD AND RICKY KOIS § | |
| Beneficiaries of AMY CRUZ VEGA § | |
| § | |
| Plaintiffs, § | |
| VS. § | C.A. B-03-099 |
| § | |
| COOPER TIRE & RUBBER CO., § | |
| § | |
| Defendants. § | |

## COOPER TIRE & RUBBER COMPANY'S ORIGINAL ANSWER

TO THE HONORABLE COURT:

COMES NOW, COOPER TIRE & RUBBER COMPANY (hereinafter referred to as "COOPER"), the defendant in the above entitled and numbered cause, and respectfully files this Answer to Plaintiffs' Original Complaint as follows:

### I.

### Admissions and Denials to Plaintiffs' Original Complaint

1. Defendant cannot admit or deny the allegation in paragraph 1 regarding Plaintiff's residence because Defendant is without knowledge or information sufficient to form a belief about the truth of the allegation.

2. Defendant cannot admit or deny the allegations in paragraph 2 regarding the additional Plaintiffs' residence because Defendant is without knowledge or information sufficient to form a belief about the truth of the allegations.

3. Defendant admits the allegations in paragraph 3.

4. Defendant admits the allegations stated in the first sentence of paragraph 4. Defendant also admits that the Court may exercise personal jurisdiction over Defendant and that this Defendant conducts business in the State of Texas and has registered with the Secretary of the State of Texas. Defendant further admits the allegation in paragraph 4 that Defendant sells its products through various retail stores in Texas. Defendant denies the remaining allegations in paragraph 4.

5. Defendant admits the allegations in paragraph 5.

6. Defendant denies the allegations in paragraph 6, except the following: Defendant admits that the Plaintiffs were apparently traveling south on Interstate Highway 37 in a 1991 Cherolet Astro Passenger Van at the time of the accident made the basis of this lawsuit on June 21, 2002, and that the van was apparently equipped with two tires manufactured by Cooper at its Albany, Georgia plant.

7. Defendant denies the allegations in paragraph 7, except the following: Defendant admits that Plaintiffs' vehicle was apparently equipped with a P215/75R15 Sentry AP Sports RV tire (DOT # 3DHF UCN 179), manufactured in the 17th week of 1999 by Cooper in Albany, Georgia.

8. Defendant denies the allegations in paragraph 8.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11.

12. Defendant denies the allegations in paragraph 12 to the extent it avers that Plaintiffs' alleged injuries were caused by Defendant. Defendant Cooper Tire & Rubber Company is without

information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 12.

13. Defendant Cooper Tire & Rubber Company is without information or knowledge sufficient to form a belief as to the truth of the averments of paragraph 13.

14. Defendant cannot admit or deny the allegations in paragraph 14 as the paragraph is only an assertion of Plaintiffs' demand for trial by jury.

15. Defendant cannot admit or deny the allegations in paragraph 15 as the paragraph is only Plaintiffs' prayer for relief.

## II.

## Affirmative Defenses

16. For further answer, Defendant affirmatively avers that the occurrence, injuries and damages made the basis of this suit were proximately caused and produced in whole or in part by the acts and omissions of persons or entities over whom this Defendant had no control nor right of control at the time of the occurrence in question, and such conduct was the proximate and/or sole proximate, and/or producing and/or sole producing, and/or new and independent cause of any injuries or damages to the Plaintiffs.

17. Pleading further, alternatively, Plaintiffs' claims are barred and/or preempted, in whole or in part, by the federal legislation and regulations governing tires, including the Motor Vehicle Safety Act and the regulations promulgated by the National Highway Traffic Safety Administration.

18. For further answer, Cooper Tire & Rubber Company denies Plaintiffs' allegations of gross negligence and hereby objects to the claims made against it for an award of exemplary damages and would show that any such award of exemplary damages would be a denial of

Cooper Tire & Rubber Company's constitutional rights pursuant to the Texas and United States Constitutions for reasons including, but not limited to, the following:

(A) Defendant would show that the standard for an award of punitive damages is unconstitutionally vague. It allows virtually standardless discretion to the jury to determine punishment. It further deprives Defendant of adequate prior notice of the specific conduct for which it could be punished or the specific magnitude of the potential punishment. Accordingly, Defendant would show that the standard for the imposition of punitive damages is unconstitutionally vague and is further constitutionally defective as an ex post facto legal penalty as proscribed by the Texas and United States Constitutions.

(B) Defendant would show that any award of punitive or exemplary damages would violate Defendant's rights to due process of law. Any award of punitive damages is clearly in the nature of a criminal penalty. However, unlike a standard for recognized criminal penalties, the current applicable standard for an award of punitive damages places little or no restrictions on a jury's discretion. Defendant is given no advance notice that a particular course of conduct may subject it to punishment and is given no notice as to the particular amount or magnitude of punishment that may result. Consequently, any award of punitive damages against Defendant would violate its due process rights pursuant to the Texas and United States Constitutions.

(C) Defendant would show that the civil justice system is intended only to allow a claimant to be made whole and not intended to impose punishment. Defendant would show that any award of damages in excess of Plaintiffs' actual damages would violate its rights to due process of law, equal protection of the law and would constitute an unconstitutional excessive fine as forbidden by the Texas and United States Constitutions.

(D) Defendant would show that the admission of any evidence concerning the size or wealth of Defendant will create an undue risk of am improper verdict on each issue concerning liability, the measure of compensatory damages, whether to award punitive damages and the measure of punitive damages. As such, the admission of any such evidence violates Defendant's rights to due process of law and equal protection of the law pursuant to the Texas and United States Constitutions.

(E) Defendant is subjected to all the hazards and risks of what amounts to a fine and, in fact, such awards often exceed normal criminal fines, but Defendant receives none of the basic rights accorded to a criminal defendant when being subjected to possible criminal penalties.

(F)  Defendant would show that the assessment and award of punitive and/or exemplary damages is in violation of the Eighth Amendment of the U. S. Constitution as it applies to the Fourteenth Amendment of the U. S. Constitution and Article 1, Section 13 of the Texas Constitution in that such awards potentially constitute an excessive fine imposed without the protection of fundamental due process.

19. Pleading further, alternatively, Plaintiffs' claims for punitive damages are barred because the subject tire complied with Federal Motor Vehicle Safety Standard 109.

20. Accordingly, this Defendant invokes its rights under the Eighth and Fourteenth Amendments of the United States Constitution and respectfully requests that this Court disallow the award of punitive and/or exemplary damages inasmuch as an award in this case would be violative of the Defendant's United States constitutional rights.

21. Defendant further invokes, in the alternative, its right to limitation on the amount of punitive and/or exemplary damages pursuant to Chapter 41 of the Texas Civil Practice and Remedies Code.

22. Defendant would further invoke its right under the Fifth Amendment to the United States Constitution wherein it reads in part, "No person shall be . . . deprived of . . . property, without due process of law; . . ." for the same reasons enumerated above.

23. For further answer, and in the alternative, Defendant asserts its right to demand proof of punitive and/or exemplary damages by clear and convincing evidence of each element of such damages, as required by Chapter 41 of the Texas Civil Practice and Remedies Code.

24. For further answer, this Defendant invokes its legal right to a reduction of any dollar verdict which may be rendered in this cause by credit for payments made by Plaintiffs or other persons or entities, or by percentage reductions to which this Defendant would be entitled as a result of jury findings against any responsible third parties. In this connection, Defendant reserves the

right to submit issues against parties, who may be present in this case or absent from the case at the time the matter is passed to the jury for fact determinations.

### IV.

25. Defendant Cooper Tire & Rubber Company respectfully requests trial by jury on all contested matters of fact.

### V.

26. Defendant Cooper Tire & Rubber Company reserves the right to amend its answer as permitted by the Federal Rules of Civil Procedure.

**WHEREFORE, PREMISES CONSIDERED,** Defendant Cooper Tire & Rubber Company respectfully prays that upon final hearing, judgment be entered that Plaintiffs take nothing by reason of this suit and that Defendant be discharged with prejudice and with all of its costs, and for such other and further relief, both at law and in equity, to which it may show itself justly entitled.

Respectfully Submitted,

JOHNSON, SPALDING, DOYLE,
WEST & TRENT, L.L.P.

By: _/s/ T. Christopher Trent_  * S. Bankhead
T. Christopher Trent
State Bar No.: 20209400
Fed. I.D. No. 14244
910 Travis, Suite 1700
Houston, Texas 77002
(713) 222-2323 Telephone
(713) 222-2226 Facsimile

ATTORNEY-IN-CHARGE
FOR DEFENDANT,
COOPER TIRE & RUBBER COMPANY

6

OF COUNSEL:

JOHNSON, SPALDING, DOYLE,
WEST & TRENT, L.L.P.
Sherry Bankhead
State Bar No. 24006791
Fed. I. D. No. 23177
910 Travis, Suite 1700
Houston, Texas 77002
(713) 222-2323 Telephone
(713) 222-2226 Facsimile

GARCIA & VILLARREAL, LLP
Jose E. Garcia
State Bar No. 07636780
Francisco R. Villarreal
State Bar No. 00789706
4311 N. McColl Rd.
McAllen, Texas 78504
(214) 522-0200 Telephone
(214) 521-5485 Facsimile

ATTORNEYS FOR DEFENDANT,
COOPER TIRE & RUBBER COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was forwarded to all counsel of record in accordance with the Federal Rules of Civil Procedure on this 15th day of October 2003.

Steve Cichowski
Watkins, Cichowski & Gonzalez
700 N. St. Mary's Street
San Antonio, TX 78205

***VIA CERTIFIED MAIL, RRR***

Garcia & Villarreal, LLP
Jose E. Garcia
Francisco R. Villarreal
4311 N. McColl Rd.
McAllen, Texas 78504

Sherry Bankhead