9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 3 0 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| EILEEN KEAN AND KATHLEEN KEAN §<br>INDIVIDUALLY AND AS NEXT FRIEND§<br>OF JOHN MCDONALD AND §<br>RICKY KOIS §<br>     *Plaintiffs* §<br>§<br>v. §<br>§<br>COOPER TIRE AND RUBBER §<br>COMPANY §<br>     *Defendant.* § | CIVIL ACTION NO. B-03-099<br>JURY |

**JOINT DISCOVERY CASE MANAGEMENT PLAN**

TO THE HONORABLE JUDGE OF THIS COURT:

The parties, Eileen Kean and Kathleen Kean individually and as next friend of John McDonald and Ricky Kois (hereinafter referred to as "Plaintiffs"), and Cooper Tire & Rubber Company (hereinafter referred to as "Defendant" or "Cooper"), jointly file this Joint Discovery Case Management Plan as follows:

1.  State where and when the meeting of the parties required by Rule 26(f) was held and identify the counsel who attended for each party:

    **The parties met for a settlement conference on October 13, 2003 at Plaintiffs' counsel's office in San Antonio and discussed the claims and defenses in this case. The parties continued settlement discussions up until the filing of this Plan. Steve Cichowski and Sherry Bankhead also spoke by telephone on October 28 and 29, 2003.**

2.  List the cases related to this one that are pending in any state or federal court with the case number and court:

    **The parties are not aware of any other cases directly arising out of the operative facts of the above styled and numbered cause.**

3.  Specify the allegation of federal jurisdiction:

    **Diversity of Citizenship with an amount in controversy exceeding $75,000.**

4.  Name the parties who disagree and the reasons:

    **All Plaintiffs and Defendant Cooper Tire & Rubber Company disagree. Plaintiffs contend that the subject tire on their vehicle was defective, causing a tread separation and the resulting accident and alleged injuries. Cooper contends that the tire was not defective.**

5.  List the anticipated additional parties that should be included, when they can be added, and by whom they are wanted:

    **Additional parties are not anticipated at this time.**

6.  List anticipated interventions:

    **None anticipated at this time.**

7.  Describe class-action issues:

    **The parties do not know of any class action issues directly related to the specific facts of this case. The parties are aware of a previously settled non-products liability class action suit against Cooper Tire & Rubber Co. styled *Anthony Talalai et al vs. Cooper Tire & Rubber Co.*, Superior Court of New Jersey, Law Division, Middlesex County, Civil Action No. L-008830-00.**

8.  State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not describe the arrangements that have been made to complete disclosures:

    **The parties have not made initial disclosures. The parties agree to make initial disclosures by <u>November 21, 2003</u>.**

9.  Describe the proposed agreed discovery plan, including:

    A.  Responses to all the matters raised in Rule 26(f):

        (1)  what changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement as to when disclosures under Rule 26(a)(1) were made or will be made:

            **The parties are not aware at this time of any changes that should be made. The parties have agreed to make initial disclosures by November 21, 2003.**

2

(2)  the subjects on which discovery may be needed, when discovery should be conducted in phases or to be limited to or focused upon particular issues:

**Discovery my be needed on the following subjects: alleged defects in the subject tire, the facts and events surrounding the accident made the basis of this lawsuit, the Plaintiffs' alleged injuries and damages. Discovery on additional subjects may be needed as investigation and discovery progresses.**

(3)  what changes should be made to the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed:

**At this time, the parties are not aware of any necessary changes to the limitations and scope already provided by the Federal Rules of Civil Procedure.**

(4)  any other orders that should be entered by the court under Rule 26(c ) or under Rule 16(b) and (c):

**Please see paragraph 21 below.**

B.  When and to whom the plaintiff anticipates it may sent interrogatories:

**Plaintiffs anticipate sending Interrogatories to Defendant Cooper by December 5, 2003.**

C.  When and to whom the defendant anticipates it may send interrogatories:

**Defendant anticipates sending interrogatories to each of the Plaintiffs by December 5, 2003.**

D.  Of whom and by when the plaintiff anticipates taking oral depositions:

**Plaintiff anticipates taking the oral depositions of several Cooper employees and corporate representatives. In addition, Plaintiff will take the deposition of Cooper's designated experts. Plaintiff cannot determine exactly who will be deposed on behalf of Cooper Tire pending preliminary discovery. Plaintiff will attempt to complete taking of any depositions by July 30, 2004.**

E.  Of whom and by when the Defendant anticipates taking oral depositions:

**Defendant anticipates taking the oral depositions of Kathleen Kean, Eileen Kean, Wesley Stewart (DPS trooper), possibly a Haupstrausse representative (Plaintiffs' vehicle repair and maintenance facility), Dr. Arnold Vardiman (Kathleen Kean's neurologist), Plaintiffs' experts and possibly other**

3

witnesses identified through discovery.  Defendant anticipates taking the depositions by July 30, 2004.

F.    When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B) and when the opposing party will be able to designate responsive experts and provide their reports:

Plaintiffs: February 10, 2004.
Defendants: March 12, 2004.

G.    List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date:

Plaintiffs anticipate taking the depositions of any experts retained and identified by Defendant, who are unknown at this time.  Plaintiffs anticipate taking the depositions by July 30, 2004.

H.    List expert depositions the opposing party anticipates taking and their anticipated completion date:

Defendant anticipates taking the deposition of Albert Sternthal.  Defendant also anticipates taking the depositions of any experts retained and identified by Plaintiffs, who are unknown at this time.  Defendant anticipates taking the depositions by July 30, 2004.

10.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party:

Please see paragraphs 16 and 21.

11.   Specify the discovery beyond initial disclosures that has been undertaken to date:

Initial disclosures have not yet been made.  However, Plaintiffs have provided damages documentation to assist in early resolution discussions.

12.   State the date the planned discovery can reasonably be completed:

July 30, 2004.

13.   Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting:

The parties have engaged in ongoing settlement discussions, including as recently as Wednesday, October 29, 2003.

14.   Describe what each party has done or agreed to do to bring about a prompt resolution:

      **The parties had a settlement conference on October 13, 2003 at Plaintiffs' counsel's office in San Antonio, Texas. The parties have continued to engage in settlement discussions.**

15.   From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

      **The parties are willing to further participate in the alternative dispute resolution offered or suggested by the Court. The parties have already begun the process without the use of a third party intermediary.**

16.   Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge:

      **Defendants:   The Defendants do not oppose having this case heard by a magistrate judge.**

      **Plaintiff:      Plaintiff is opposed to having this case heard by a magistrate judge.**

17.   State whether a jury demand has been made and if it was made on time.

      **A timely jury demand has been made.**

18.   Specify the number of hours it will take to present the evidence in this case: **48 hours.**

19.   List pending motions that could be ruled on at the initial pretrial and scheduling conference:

      **The Plaintiffs' Motion to Extend the Deadline to File a Joint Case Management Plan was heard by the Court at the Initial Pretrial Scheduling Conference. The Court granted the parties until October 31, 2003 to file the Plan.**

20.   List other pending motions:

      **None at this time.**

21.   Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference:

      **Based on initial discussions, the parties anticipate that there may be a dispute between the parties regarding the scope of discovery to be requested from Cooper in this case. Specifically, the parties anticipate a dispute regarding Plaintiffs' anticipated requests that discovery from other litigation be produced in this case.**

5

Plaintiffs will contend such discovery is relevant and should be produced in this case.  Defendant will likely contend that discovery from the other litigation is not relevant and should not be produced in this case.   Until initial discovery is complete in this regard, the parties cannot be certain to what extent they will disagree regarding the scope.

Defendant Cooper will also be requesting the entry of a protective order and the parties will attempt to agree on the terms of such a protective order.  However, to the extent the parties are unable to agree, it may be necessary to seek the Court's assistance.

22.    List the names, bar numbers, addresses and telephone numbers of all counsel.

Please see parties' signature blocks below.

Respectfully submitted,

T. Christopher Trent
State Bar No. 20209400
Federal I.D. No. 13244
JOHNSON, SPALDING, DOYLE,
WEST & TRENT, L.L.P.
910 Travis, Suite 1700
Houston, Texas  77002
(713) 222-2323 - Telephone
(713) 222-2226 - Facsimile

ATTORNEY-IN-CHARGE FOR DEFENDANT,
COOPER TIRE & RUBBER COMPANY

OF COUNSEL:

JOHNSON, SPALDING, DOYLE,
WEST & TRENT, L.L.P.
Sherry Bankhead
State Bar No. 24006791
Federal I.D. No. 23177
910 Travis, Suite 1700
Houston, Texas  77002
(713) 222-2323 - Telephone
(713) 222-2226 - Facsimile

6

_Steve Cichowski_ *

Steve Cichowski
State Bar No. 20927400
Federal I.D. No. 20750

*by permission*
*S. Bankhead*

WATKINS, CICHOWSKI & GONZALEZ, P.C.
700 N. St. Mary's, Suite 1750
San Antonio, Texas 78205
(210) 225-6666 - Telephone
(210) 225-2300 - Facsimile

ATTORNEYS FOR PLAINTIFFS